

U.S. Department of Justice

Timothy J. Shea
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

July 7, 2020

Danny Onorato
Schertler & Onorato
901 New York Ave., N.W., Ste 500,
Washington, DC 20001

> Re:   United States v. MH Pillars Ltd. doing business as Payza
>         Criminal Case No. 18-cr-053 (KBJ)

Dear Mr. Onorato:

This letter sets forth the full and complete plea offer to your client, MH Pillars Ltd. doing business as Payza, (hereinafter referred to as "your client" or "defendant" or "Payza"), from the Office of the United States Attorney for the District of Columbia ("USAO-DC") (hereinafter referred to as "this Office" or "the Government"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter referred to as "this Agreement").

The terms of the offer are as follows:

### 1.   Charges and Statutory Penalties

Your client agrees to plead guilty in Criminal Case No. 18-053 to a criminal Information, a copy of which is attached, which charges your client with conspiring to commit offenses against the United States, in violation of 18 U.S.C. § 371. Your client hereby acknowledges that it has accepted this Agreement and decided to plead guilty because it is in fact guilty of the charged offense. The authorized corporate representative has authority to enter into this Agreement and has: (1) reviewed the Information in this case, the Statement of Offense, and the proposed Agreement or has been advised on the contents thereof; (2) consulted with legal counsel in connection with this matter; (3) agreed to enter into this Agreement and to admit to the attached Statement of Offense; (4) been authorized by Payza to plead guilty to the charge specified in the Information; (5) agreed to the entry of the Consent Order of Forfeiture in this action; and (6) agreed to execute this Agreement and all other documents necessary to carry out the provisions of this Agreement.

Your client understands that a violation of 18 U.S.C. § 371 carries a fine of $500,000, or a fine of twice the gross gain or gross loss, whichever is greater, pursuant to 18 U.S.C. § 3571(c)(3) and (d). Your client may also be subject to a term of corporate probation of not less than one year and not more than five years pursuant to 18 U.S.C. § 3561. The Court may also order restitution pursuant to 18 U.S.C. § 3663. Fines imposed by the Court may be subject to the payment of interest. Your client also understands that, pursuant to 18 U.S.C. § 3572 and Section 5E1.2 of the United States Sentencing Commission, *Guidelines Manual* 2018 (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."), the Court may also impose a fine that is sufficient to pay the federal government the costs of any term of supervised release and period of probation. In addition, your client agrees to pay a special assessment of $400 for its felony conviction to the Clerk of the United States District Court for the District of Columbia.

Your client's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Your client cannot withdraw its plea of guilty unless the Court rejects this Agreement or fails to impose a sentence consistent with the Agreement.

## 2.   Factual Stipulations

Your client agrees that the attached Statement of Offense fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty and establishes guilt for the offense charged beyond a reasonable doubt. Please have your client sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

Your client agrees to appear before the Court through an authorized representative and to admit its guilt to the offenses charged in the Information and to also appear for the imposition of sentence. Your client agrees to accept the Statement of Offense attached hereto as the basis for its admission of guilt, and admit these facts when its plea is entered before the Court. This Agreement is contingent on your client's acceptance of the Statement of Offense.

## 3.   Additional Charges

In consideration of your client's guilty plea to the above offense(s), your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. The Government will request that the Court dismiss the Indictment in this case at the time of sentencing. Your client agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact.

## 4.   Agreed Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Payza and the Government agree that a sentence of criminal forfeiture of all seized/restrained funds, which properties include: approximately $4,000,100 of Payza funds seized in or about November 2013; approximately $100,000 of Payza funds seized in or about February 2014; approximately $250,000 of Payza funds seized in or about June 2016; all funds restrained in or about December 2016 in the United Kingdom from an account at Global Reach Partners related to Payza; all funds restrained in or about June 2017 in the United Kingdom from an account at HSBC bank related to Payza; $270,000 of Payza funds seized in or about April 2019; the Payza.com domain;

and the AlertPay.com domain (collectively "the Forfeitable Properties"), a period of three years of corporate probation, and a special assessment of $400 is an appropriate sentence and should be imposed by the Court in connection with your client's guilty plea to the Information, taking into account the inapplicability of the Sentencing Guidelines, the nature and circumstances of the offense, the need for the sentence imposed to reflect the seriousness of the offense, and the need for the sentence to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to other criminal conduct, as well as for the sentence imposed to protect the public from further crimes. 18 U.S.C. § 3553(a)(1). Your client and the Government agree that this is a reasonable and appropriate sentence, which is sufficient, but not greater than necessary, to achieve the purposes of sentencing in light of the factors set forth under 18 U.S.C. §§ 3553(a) and 3572. Your client agrees that it will not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any forfeiture imposed pursuant to this Agreement, including the amounts paid in satisfaction of the criminal forfeiture.

Your client further admits that the facts set forth in the forfeiture allegation with respect to Count One of the Information and the Statement of Offense justify the court's finding that the proceeds of the charged conspiracy obtained by Payza are at least equal to the value of the Forfeitable Properties. In connection with this resolution, your client agrees that it obtained at least the value of the Forfeitable Properties as a result of the offense charged in Count One and agrees to forfeit this amount to the Government (the "Forfeiture Amount"), as discussed below in Paragraph 14. Your client agrees that payment in the amount of the Forfeiture Amount plus any associated transfer fees, shall be completed no later than 14 days after entry of this agreement.

Except as may otherwise be agreed by the parties hereto in connection with a particular transaction, your client agrees that in the event that, during the Term, it undertakes any change in corporate form, including if it sells, merges, or transfers business operations that are material to your client's consolidated operations, or to the operations of any subsidiaries or affiliates involved in the conduct described in the attached Statement of Offense, as they exist as of the date of this Agreement, whether such sale is structured as a sale, asset sale, merger, transfer, or other change in corporate form, it shall include in any contract for sale, merger, transfer, or other change in corporate form a provision binding the purchaser, or any successor in interest thereto, to the obligations described in this Agreement. Your client agrees that the failure to include these provisions in the transaction will make any such transaction null and void. Your client shall provide notice to the Government at least thirty (30) days prior to undertaking any such sale, merger, transfer, or other change in corporate form. The Government shall notify your client prior to such transaction (or series of transactions) if it determines that the transaction(s) will have the effect of circumventing or frustrating the enforcement purposes of this Agreement. Nothing herein shall restrict your client from indemnifying (or otherwise holding harmless) the purchaser or successor in interest for penalties or other costs arising from any conduct that may have occurred prior to the date of the transaction, so long as such indemnification does not have the effect of circumventing or frustrating the enforcement purposes of this Agreement, as determined by the Government.

Your client and the Government further agree that the following conditions of corporate probation are appropriate in this case, will be part of Payza's sentence, and Payza agrees, to the extent it is an active and ongoing organization, to abide by them:

(a) the applicable mandatory conditions of probation described in 18 U.SC. § 3563(a)(1) and U.S.S.G. § 8D1.3(a);

(b) Payza shall not commit any felony violation of United States Federal law, during the term of the probation;

(c) Payza shall continue to participate in, enhance, and abide its anti-money laundering compliance program; and

(d) Payza shall continue to cease all operations in the United States.

### 5.    Relevant Considerations

The Government enters into this Agreement based on the individual facts and circumstances presented by this case and Payza. Among the factors considered were the following: (a) the nature and seriousness of the conduct described in the Statement of Offense, which involved a scheme to launder funds and operate an unlicensed money service business; (b) Payza's willingness to acknowledge and accept responsibility under the laws of the United States for the actions of its officers, directors, employees, and agents, as alleged in the Factual Statement; (c) Payza's remediation efforts taken to date, including ceasing all operations in the United States; (d) Payza's agreement to continue to enhance its anti-money laundering compliance program; (e) Payza's primary executive pleading guilty; (f) Payza's agreement to cease all operations in the United States; and (g) Payza's failure to timely and voluntarily self-disclose the conduct described in the Statement of Offense before the commencement of the investigation into potential violations. After considering the above, Payza received no criminal fine.

### 6.    <u>Compliance Commitments</u>

Payza agrees, to the extent it is an active and ongoing organization, to abide by the following terms:

a.      Payza agrees, to the extent it is an active and ongoing organization, to continue to implement and ehance a compliance and ethics program designed to prevent and detect violations of U.S. sanctions, money service business, money laundering, and fraud laws, and corresponding regulations throughout its operations, including those of its affiliates, agents, subsidiaries, and joint ventures.

b.      Payza agrees, to the extent it is an active and ongoing organization, to continue to implement compliance procedures and training designed to ensure that its employees understand how to prevent and detect violations of U.S. sanctions, money service business, money laundering, and fraud laws, and corresponding regulations. Payza shall report to the Government the name and contact information, if available, of any entity that or employee that reports a violation of such laws or regulations. Payza further agrees to timely report to the Government any known attempts by any Payza employees to circumvent or evade such laws and regulations.

Case 1:18-cr-00053-KBJ   Document 88   Filed 07/16/20   Page 5 of 13


c.      Payza agrees, to the extent it is an active and ongoing organization, that it will report to the Government annually regarding remediation and implementation of compliance programs. Such report should consist of information regarding the status of the its compliance with U.S. sanctions, money service business, money laundering, and fraud laws, and corresponding regulations. The report may include proprietary, financial, confidential, and competitive business information. Moreover, public disclosure of the report could discourage cooperation or impede pending or potential government investigations and thus undermine the objectives of the reporting requirement. For these reasons, among others, the report and the contents thereof are intended to and shall remain non-public, except as otherwise agreed to the parties in writing, or except to the extent that the Government determine in their sole discretion that disclosure would be in furtherance of the Government's discharge of their duties and responsibility or is otherwise required by law.

## 8.      Acceptance of Agreement by the Court

The Government agrees, pursuant to Rule 11(c)(1)(C), to present this Agreement to the Court for its approval. In accordance with Rule 11(c)(4) and (5), the Court may accept or reject this Agreement. If the Court accepts this Agreement, the Court will sentence your client to a three-year term of probation including payment of a criminal forfeiture equal to the Forfeiture Amount and a $400 special assessment. Your client understands that if the Court accepts this Agreement, then the Court will embody in the judgment and sentence the disposition provided for in this Agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure.

## 9.      Sentencing Guidelines Analysis

In accordance with Paragraph 8 above, your client understands that, but for the above described agreed sentence pursuant to Rule 11(c)(1)(C), the sentence in this case would be determined by the Court, pursuant to the factors set forth in U.S.S.G. § 8C2, because the offense conduct to which Payza is pleading guilty is covered by U.S.S.G. § 2B1.1, Offenses Involving Fraud, and that Guideline is listed under U.S.S.G. § 8C2.1 which governs criminal fines for organizations. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties agree to the following:

### A.      Count One U.S.S.G. § 2B1.1 Offenses Involving Fraud

| | | |
|---|---|---|
| (a)(2) | Base Offense Level, | 6 |
| (b)(1)(J) | Specific Offense Characteristics:<br>More than $250,000,000 | +28 |
| (b)(10)(B) | A substantial part of a fraudulent scheme was committed from outside the United States | +2 |
| | Total | 36 |

In accordance with the above, the Estimated Offense Level would be at least 36.

Acceptance of Responsibility

Your client is not elegible for an Offense Level reduction for acceptance of responsibility. See USSG § 8C2.3 Application Note 2 ("In determining the offense level under this section, apply the provisions of §§1B1.2 through 1B1.8. Do not apply the adjustments in Chapter Three, Parts A (Victim-Related Adjustments), B (Role in the Offense), C (Obstruction and Related Adjustments), and E (Acceptance of Responsibility). However, as noted below, your client does receive the benefit of a lowered culpability score per § 8C2.5).

**B.      Estimated Guidelines Fine Range**

Based upon the Estimated Offense Level set forth above, pursuant to U.S.S.G. §§ 8A1.2(b)(2), 8C2.1(a), 8C2.3, 8C2.4(a)(1) and (d), 8C2.5(a) & (g)(2), 8C2.6, and 8C2.7(a)-(b), the estimated Sentencing Guidelines fine range would be $60,000,000 to $120,000,000 (the "Estimated Guidelines Range"). That estimate is based on, *inter alia*:

- A base fine of $150,000,000, pursuant to U.S.S.G. § 8C2.4(d);
- A culpability score of 2, pursuant to U.S.S.G. § 8C2.5(a), (g)(2), & (g)(3), reflecting:
  - a subtraction of 2 culpability points on the ground that the organization fully cooperated in the investigation and clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct, and
- Minimum and maximum multipliers of 0.40-0.80, pursuant to U.S.S.G. § 8C2.6.

**10.      Rejection of this Agreement by the Court**

The parties understand that the Court may not agree that the sentence agreed to by the parties is an appropriate one and may reject this Agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of this Agreement, and will afford your client an opportunity to withdraw the plea or maintain the plea. If your client elects to maintain the plea, the Court will inform your client that a final disposition may be less favorable to your client than that contemplated by this Agreement. Your client further understands that if the Court rejects this Agreement, the Government also has the right to withdraw from this Agreement and to be freed from all obligations under this Agreement, and may in its sole discretion bring different or additional charges, including before your client enters any guilty plea in this case. If the Court rejects this Plea Agreement or fails to impose a sentence consistent herewith, and Payza withdraws the plea or the Government withdraws from this Agreement, the Plea Agreement shall be null and void.

**11.      Court Not Bound by this Agreement**

In accordance with Paragraph 8 above, should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, the parties further agree that a sentence of a criminal forfeiture of the Forfeiture Amount constitutes a reasonable sentence in light of all of the factors set forth in 18 U.S.C.

§ 3553(a), should such a sentence be subject to appellate review notwithstanding the appeal waiver provided below.

Your client understands that should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a). Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client also acknowledges in this circumstance that the Court is not obligated to follow any recommendation of the Government at the time of sentencing. Your client understands that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court.

Your client acknowledges that should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, your client's entry of a guilty plea to the charged offense authorizes the Court to impose any sentence, up to and including the statutory maximum sentence. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty if the Court does not follow the Government's sentencing recommendation.

### 12.   **Reservation of Allocution**

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charge to which your client is pleading guilty. The parties also reserve the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement.

Your client further understands that the Government reserves its full right of allocution for purposes of sentencing in the event the Court rejects the Agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure and your client does not maintain its guilty plea, or, if your client withdraws its guilty plea, at any time. In such an event, the Government reserves its right to recommend a sentence of a fine up to the maximum fine allowable by law and to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty.

### 13.   **Waivers**

### A.   **Venue**

Your client waives any challenge to venue in the District of Columbia. Payza agrees that, should the conviction following this plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution may proceed in the District of Columbia.

### B.        Statute of Limitations

Payza agrees that, should your client withdraw its plea of guilty, should the Court reject the plea or guilty, or should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any conduct that has been disclosed to the Government during the course of this investigation that is not time-barred) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution.  It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

### C.        Trial Rights

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule.  Your client agrees to forego the right to any discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea.  Your client also agrees to waive, among other rights, the right to be indicted by a Grand Jury, the right to plead not guilty, and the right to a jury trial.  If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf.  Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt.  If your client were found guilty after a trial, your client would have the right to appeal your client's conviction.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn.  Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws its guilty plea or withdraws from this Agreement after signing it, except where the Court rejects this Agreement under Rule 11(c)(5).

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court.  Your client understands that the date for sentencing will be set by the Court.

Your client acknowledges and agrees that its counsel has rendered effective assistance.

### D.        Appeal Rights

Your client agrees to waive the right to appeal the conviction in this case on any basis permitted by law, including but not limited to claim(s) that (1) the statute(s) to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute(s). Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client also agrees to waive the right to appeal the sentence in this case, including but not limited to any fine, forfeiture, award of restitution, term or condition of probation, authority of the Court to set conditions of probation, and the manner in which the sentence was determined, and also including the appeal of any sentence imposed if the Court rejects this Agreement and neither party withdraws from the Agreement. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Notwithstanding the above agreement to waive the right to appeal the conviction and sentence, your client retains the right to appeal on the basis of ineffective assistance of counsel, but not to raise on appeal other issues regarding the conviction or sentence.

### E.    Collateral Attack

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel. Your client reserves the right to file a motion brought under 18 U.S.C. § 3582(c)(2), but agrees to waive the right to appeal the denial of such a motion.

### 14.    Forfeiture

Payza agrees that the facts set forth in the Statement of Offense and admitted by Payza establish that the Forfeiture Amount, as alleged in the Information, is forfeitable to the United States as proceeds obtained by Payza or its subsidiaries or traceable to violations set forth in Count One of the Information. Payza consents to the entry of the Consent Order of Forfeiture and agrees that the it shall be final as to Payza at the time of sentencing and become part of the sentence pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

Regarding any asset or property, Payza agrees to forfeiture of all interest in: (1) any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violation to which it is pleading guilty; and (2) any substitute assets for property otherwise subject to forfeiture. See 18 U.S.C. § 981(a)(1)(C); 21 U.S.C. § 853(p); 28 U.S.C. § 2461. The Government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture Payza has consented to in this Agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. If the Government chooses to effect the forfeiture provisions of this Agreement through the criminal forfeiture process, Payza agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging

instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Payza understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

Payza agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

### 15.    Breach of Agreement

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off-the-record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

### 16.    Public Statements

Payza expressly agrees that it shall not cause to be made, through their attorneys, boards of directors, officers, agents, officers, employees, consultants or authorized agents (including contractors, subcontractors, or representatives), including any person or entity controlled by any of them, any public statement contradicting or excusing any statement of fact contained in the Statement of Offense. Any such public statement by Payza, its attorneys, boards of directors, agents, officers,

employees, consultants, contractors, subcontractors, or representatives, including any person or entity controlled by any of them, shall constitute a willful and material breach of this Agreement as governed by Paragraph 15 of this Agreement, and the Government would then be released from its obligations under this agreement. The decision of whether any public statement by any such person contradicting or excusing a fact contained in the Statement of Offense will be imputed to Payza for the purpose of determining whether the Agreement has been materially breached shall be in the sole and reasonable discretion of the Government.

Upon the Government's notification to Payza of a public statement by any such person that in whole or in part contradicts or excuses a statement of fact contained in the Statement of Offense, Payza may avoid breach of this Agreement by publicly repudiating such statement within seventy-two hours after notification by the Government. Payza shall be permitted to raise defenses and to assert affirmative claims in other proceedings relating to the matters set forth in the Statement of Offense provided that such defenses and claims do not contradict, in whole or in part, a statement contained in the Statement of Offense. This paragraph does not apply to any statement made by any present or former officer, director, employee, or agent of Payza in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of Payza. Subject to this paragraph, Payza retains the ability to provide information or take legal positions in litigation or other regulatory proceedings in which the Government is not a party.

Payza agrees that if they issue a press release or hold any press conference in connection with this Agreement, Payza shall first consult with the Government to determine: (a) whether the text of the release or proposed statements at the press conference are true and accurate with respect to matters between the parties; and (b) whether the Government has any objection to the release.

### 17    Prosecution by Other Agencies or Jurisdictions

This Agreement binds only the USAO-DC. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice; the Internal Revenue Service of the United States Department of the Treasury; or any State or local prosecutor. These individuals and agencies remain free to prosecute Payza for any offenses committed within their respective jurisdictions. The USAO-DC and National Security Division agree to contact any prosecuting jurisdiction and advise that jurisdiction of the terms of this Agreement and the cooperation, if any, provided by Payza.

### 18.    Complete Agreement

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor.  It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than July 8, 2020.

Sincerely yours,

_/s/ Michael Sherwin_

Michael R. Sherwin
Acting United States Attorney

Zia M. Faruqui
Arvind K. Lal
Assistant United States Attorneys

## DEFENDANT'S ACCEPTANCE

The Authorized Representative of Payza is authorized and empowered on behalf of Payza, to execute this Plea Agreement. I have read every page of this Agreement and have discussed it with the management of Payza and outside counsel for Payza. We fully understand this Agreement and I have been authorized to agree to it on behalf of Payza without reservation. Payza enters into this agreement voluntarily and of its own free will, intending to be legally bound. No threats have been made to Payza nor am I under the influence of anything that could impede my ability to understand this Agreement fully. Payza is pleading guilty because it is in fact guilty of the offense(s) identified in this Agreement.

Payza reaffirms that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with its decision to plead guilty except those set forth in this Agreement. Payza is satisfied with the legal services provided by it attorney in connection with this Agreement and matters related to it.

Date: July 8, 2020

Firoz Patel
Authorized Representative, Payza

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with my client, Payza and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 7/8/20

Danny Onoratto, Esq.
Attorneys for Defendant

Page 13 of 13